# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| ENERPOL, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| SCHLUMBERGER TECHNOLOGY | § | |
| CORPORATION, | § | |
| | § | |
| Defendant. | § | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | § | Civil Action No. 2:17-cv-394-JRG |
| | § | |
| SCHLUMBERGER TECHNOLOGY | § | |
| CORPORATION, | § | JURY TRIAL DEMANDED |
| | § | |
| Counterclaim Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| ENERPOL, LLC, | § | |
| | § | |
| Counterclaim Defendant. | § | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | § | |

# MOTION FOR CLARIFICATION OF
# SCHLUMBERGER TECHNOLOGY CORPORATION'S P.R. 3-1 AND 3-2 DEADLINES

The parties currently have a dispute regarding the Local Patent Rule ("P.R.") 3-1 and 3-2 infringement contention deadlines applicable to Schlumberger's Counterclaims of patent infringement. Schlumberger respectfully requests that the Court issue an order clarifying the relevant deadlines and providing Schlumberger thirty (30) days from service of its Answer and Counterclaims for infringement to serve its infringement contentions.

## A.     <u>Background</u>

EnerPol sued on May 5, 2017. The Court set the P.R. 3-1 and 3-2 infringement contention deadline to fall two weeks before the July 25, 2017 scheduling conference. (Dkt. No.

15.)  At that time, only EnerPol had asserted patent infringement.  Thus, EnerPol had sixty-eight (68) days from its Complaint to serve its infringement contentions.

On July 10, 2017, Schlumberger filed its Answer and Counterclaims for declaratory relief and infringement of three Schlumberger patents.  EnerPol's counsel asserted that under P.R. 3-1, Schlumberger's infringement contentions had been due on July 11, 2017—*i.e.*, one day after Schlumberger filed its Counterclaims.  EnerPol's counsel stated that Schlumberger should serve those contentions no later than July 25, 2017—*i.e.*, fifteen (15) days after filing its Counterclaims.

Following a meet and confer process, Schlumberger understood that the parties had resolved this scheduling dispute.  During a July 19, 2017 meet and confer, counsel for EnerPol proposed that Schlumberger's infringement contentions would be due thirty (30) days after Schlumberger's Answer and Counterclaims (*i.e.*, on August 9, 2017).  EnerPol's counsel also proposed that the parties simultaneously exchange their respective invalidity contentions forty-five (45) days after Schlumberger served its infringement contentions, *i.e.*, on September 23, 2017.  (*See* Henry Declaration ¶¶ 4–5.)  Schlumberger understood that the offer would also provide it with time necessary to complete its invalidity contentions.  After internal discussions, Schlumberger's counsel accepted EnerPol's offer and sent an email to that effect on July 21, 2017.

That same day, counsel for Schlumberger provided a proposed stipulation memorializing that agreement.  (*Id.* ¶ 6.)  Counsel for EnerPol declined the stipulation.[1]  (*Id.* ¶ 7.)  Counsel instead stated that EnerPol would consider a thirty-day extension for Schlumberger's infringement contentions (*i.e.*, to August 9, 2017), and additionally requested a courtesy two-

---

[1] This is not the first time that Schlumberger had difficulty resolving a routine scheduling matter in the early stages of this case.  (*See* Dkt. No. 11 (granting Schlumberger's Motion to Extend Time to Move, Answer, or Otherwise Respond to EnerPol's Complaint); *see also* Dkt. Nos. 6–9.)

week extension for EnerPol to answer Schlumberger's Counterclaims.  (*Id.* ¶ 7.)  Counsel for Schlumberger explained that the stipulation reflected ***EnerPol's own proposal, which Schlumberger had accepted as a compromise***.  (*Id.* ¶ 8.)  After further discussions among the parties, counsel for Schlumberger stated that if EnerPol confirmed its agreement to its original proposal by the close of business on July 24, 2017 (so that the issue was resolved before the Court's scheduling hearing), Schlumberger would agree to the courtesy extension to answer.  (*Id.* ¶ 9.)  As of the filing of this Motion, counsel for EnerPol had not responded.  (*Id.* ¶ 10.)

Schlumberger requests that the Court enter an order setting the deadline for Schlumberger to serve infringement contentions on its counterclaim patents and for the parties to exchange invalidity contentions consistent with the offer made by EnerPol during the meet and confer.

**B.**     **Schlumberger's Position**

Schlumberger submits that P.R. 3-5(b), which applies to patent declaratory judgment actions, should control:

> If the filings or actions in a case do not trigger the application of these Patent Rules under the terms set forth herein, the parties shall, as soon as such circumstances become known, meet and confer for the purpose of agreeing on the application of these Patent Rules to the case.

P.R. 3-5(b).  The parties did meet and confer, but without success.

Schlumberger submits that P.R. 3-1 and 3-2 do not specify the deadline for Schlumberger's infringement contentions under these circumstances.  Patent Rule 3-1 requires a party claiming patent infringement to serve its infringement contentions "[n]ot later than 10 days before the Initial Case Management Conference with the Court."  Patent Rule 3-2 requires production of accompanying documents on the same day.

It is not reasonable to require Schlumberger to serve infringement contentions only a day after filing its Counterclaims for patent infringement, and after a much shorter period than

EnerPol had after serving its Complaint (let alone the time it had to prepare its infringement theories prior to that filing). Unlike EnerPol, Schlumberger did not have control over the timing of its patent infringement claims and had no prefiling notice of EnerPol's infringement claims. Schlumberger seeks an appropriate amount of time to prepare fulsome infringement contentions.

Schlumberger has no interest in delaying the progress of this case, and its proposal will not do so. Schlumberger understands that the Court will set the *Markman* hearing and trial dates at the case management conference on July 25, 2017. Schlumberger does not request any modification of those as-yet-to-be-determined dates. Based on this early stage of the case in which a schedule has not yet been set, allowing Schlumberger an appropriate amount of time to prepare its infringement contentions will neither delay the case nor prejudice EnerPol. Indeed, EnerPol was the party that proposed the schedule proposed in this motion.

Schlumberger's proposal also is consistent with the purpose of the Local Patent Rules P.R. 3-1 and 3-2, which is to provide notice of Schlumberger's infringement theories, focus discovery, and narrow issues sufficiently early in the case. *See Vertical Computer Systems, Inc., v. Interwoven Inc.*, No. 2:10-cv-490-JRG, ECF No. 149 at 2 (E.D. Tex. Sept. 13, 2013). Schlumberger's proposed deadline to serve its infringement contentions—which is precisely what EnerPol proposed on the meet and confer—accomplishes that goal. Providing Schlumberger with significantly less time would prejudice its ability develop its offensive case and help build a fulsome record for the Court. In addition, this proposal provides EnerPol the full forty-five (45) days provided by Local Rules P.R. 3-3 and 3-4 to serve invalidity contentions after Schlumberger's infringement contentions have been served. Accordingly, there can be no prejudice to EnerPol.

**C.**     **Clarification Requested**

Schlumberger moves the Court to clarify the deadlines to serve the infringement contentions for its Counterclaims.  Schlumberger respectfully requests that its infringement contentions be due no earlier than August 9, 2017 and that the parties simultaneously exchange invalidity contentions forty-five (45) days later on September 23, 2017.

Dated: July 25, 2017

Respectfully submitted,

*/s/ Maximilian A. Grant*
T. John Ward
TX Bar No. 20848000
E-mail: tjw@wsfirm.com
Claire Abernathy Henry
TX Bar No. 24053063
E-mail: claire@wsfirm.com

WARD, SMITH & HILL, PLLC
P.O. Box 1231
Longview, Texas 75606-1231
(903) 757-6400 (telephone)
(903) 757-2323 (facsimile)

Maximilian A. Grant (lead attorney)
DC Bar No. 481610
LATHAM & WATKINS LLP
555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004
(202) 637-2200 (telephone)
E-mail: max.grant@lw.com

Gregory K. Sobolski
CA Bar No. 267428 (*pro hac vice*)
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, California 94111
(415) 395-8035 (telephone)
E-mail: greg.sobolski@lw.com

Emily H. Chen
CA Bar No. 302966
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, California 94025
(650) 463-3064 (telephone)
E-mail: emily.chen@lw.com

**ATTORNEYS FOR
SCHLUMBERGER TECHNOLOGY CORP.**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  Therefore, this document was served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email on this the 25th day of July, 2017.


*/s/ Maximilian A. Grant*
Maximilian A. Grant


## CERTIFICATE OF CONFERENCE

On July 19, 2017, Claire Henry, Gregory Sobolski, Emily Chen, Mathias Samuel, and Bo Davis conferred via telephone regarding the requested relief.  On July 21, 2017 and July 22, 2017, Claire Henry and Bo Davis conferred via e-mail regarding the requested relief.  On July 24, 2017, Claire Henry and Bo Davis conferred via telephone and e-mail regarding the requested relief, and EnerPol opposes the relief requested.


*/s/ Maximilian A. Grant*
Maximilian A. Grant