UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ENERPOL, LLC<br><br>    Plaintiff,<br><br>v.<br><br>SCHLUMBERGER TECHNOLOGY CORPORATION,<br><br>    Defendant. | §<br>§<br>§<br>§<br>§ Civil Action No. 2:17-cv-394-JRG<br>§<br>§ **JURY TRIAL DEMANDED**<br>§<br>§<br>§<br>§<br>§ |

## EMERGENCY MOTION TO STRIKE SCHLUMBERGER'S PREVIOUSLY UNDISCLOSED CLAIM CONSTRUCTION PROPOSAL FROM ITS TECHNOLOGY TUTORIAL AND CLAIM CONSTRUCTION BRIEFING

Schlumberger's technology tutorial, filed last week on the same day EnerPol submitted its opening claim construction brief, improperly attempts to advance a new claim construction proposal never before ventured in any of Schlumberger's P.R. 4-1, 4-2, or 4-3 disclosures. The tutorial urges, for the very first time, that the term "phase"—i.e., part of the claim term "liquid phase" as used in the claims of the '491 patent—has a specific meaning. Notwithstanding that "liquid phase" was the express topic of P.R. 4-1 and 4-2 discussions, Schlumberger had never advanced such a construction prior to the tutorial, and in fact refused to even propose any construction of that term. EnerPol had no notice of this argument, and its opening claim construction brief is already on file. So as to avoid unfairness and clear prejudice from Schlumberger's untimely definition, EnerPol seeks an emergency order[1] (1) striking this never-

---

[1] As stated in its Motion for Expedited Briefing Schedule, filed concurrently herewith, EnerPol requests that the Court set an expedited briefing schedule for this Motion, so that it can be ruled on before Schlumberger's responsive claim construction brief is filed on January 24, 2018. Schlumberger opposes this expedited briefing schedule.

before-given meaning of "phase" from Schlumberger's Technology Tutorial, and (2) precluding Schlumberger from advancing this never-before-disclosed interpretation in substantive briefing.

I.     **FACTUAL BACKGROUND**

On October 18, 2017, both EnerPol and Schlumberger exchanged proposed claim terms as required by P.R. 4-1 and the Court's Docket Control Order (Dkt. No. 34). EnerPol proposed four terms for construction from U.S. Patent No. 6,949,491 (the "'491 patent"): "polymer-continuous" and "liquid phase" from claim 1 and "continuous" and "liquid phase" from claim 24. Ex. 1 (EnerPol's P.R. 4-1 Disclosure). Schlumberger also proposed four terms from the '491 patent:[2] "selected" from claims 22 and 24; "low-viscosity" from claim 23; and "solid form" and "continuous liquid phase . . . comprising the carrier fluid dispersed in the degradable polymer" from claim 24. Schlumberger did not seek a construction of the isolated term "phase," or for that matter, any terms or phrases from claim 1. Ex. 2 (Schlumberger's P.R. 4-1 Disclosure) at 2.

Nearly a month later, both parties provided their P.R. 4-2 preliminary constructions for the proposed claim terms. Ex. 3 (EnerPol's P.R. 4-2 Disclosure); Ex. 4 (Schlumberger's P.R. 4-2 Disclosure). EnerPol's preliminary construction for "liquid phase" clearly set forth its position as to what "phase" could mean: "a phase (e.g. polymer, mixture of polymer and a liquid) that takes the shape of its container." Ex. 3 at Attachment A. Schlumberger, on the other hand, provided no construction for either "phase" or "liquid phase." Instead, Schlumberger proposed a meaning only for the entire clause "polymer-continuous liquid phase," declining to construe any word or term within that clause—a position it maintained throughout the claim construction process. *See* Ex. 4 at 4 (contending "polymer-continuous liquid phase" means "a polymer that is

---

[2] Neither party proposed any terms from the counterclaim patents, U.S. Patent Nos. 8,183,179, 8,220,543, and 7,565,929.

entirely in liquid form," and alleging that construction of words within this term is improper). Consistent with its P.R. 4-1 and 4-2 disclosures, Schlumberger also did not list the term "phase" nor provide any proposed construction for that term in its P.R. 4-3 disclosure, the Joint Claim Construction and Prehearing Statement. Dkt. 73-2 (Schlumberger's P.R. 4-3 Disclosure).

On the day EnerPol filed its opening claim construction brief, January 10, 2018, Schlumberger *for the very first time* in its technology tutorial, proposed a new, limiting construction for the claim term "phase." This was done without any prior notice to EnerPol and without seeking leave of the Court. Schlumberger's new construction of "phase" directly impacts important claim construction issues with respect to the term EnerPol proposed, "liquid phase." In its tutorial Schlumberger recited, for the first time in this litigation, "A 'phase' refers to the portion of a physical system that has boundaries and is homogenous within those boundaries." Schlumberger's Technology Tutorial at 6:12, *EnerPol, LLC v. Sclumberger Tech. Corp.*, No. 2:17-cv-394-JRG (E.D. Tex. Jan. 10, 2018) (noticed at Dkt. 80); *see also* accompanying text in video portion of tutorial. Schlumberger offered no citation or other supporting authority for its new definition.

Shortly thereafter, EnerPol contacted Schlumberger to attempt to resolve this dispute without intervention from the Court. EnerPol objected to Schlumberger's newly asserted definition of "phase" in its technology tutorial and sought assurances that it would not advance any such definition in its responsive claim construction brief. Ex. 5 (01/12/18 Email fr Courtney to Zucker). Instead of responding to EnerPol's request, Schlumberger attempted to engage on the merits of the new claim construction, urging, "If you agree [with our definition], there is nothing to discuss" and asking EnerPol to prepare its position over the weekend—after EnerPol had already submitted its opening brief. Ex. 6 (01/12/18 Email fr Grant to Courtney). EnerPol

had already relied on Schlumberger's statements for months, decided on its claim construction positions and strategy, and written and filed its opening claim construction brief. Asking EnerPol to engage in P.R. 4-1, 4-2 and 4-3 discussions well after deadlines for those disclosures had passed was unreasonable and put EnerPol at a severe disadvantage. The parties were ultimately unable to reach an agreement, prompting EnerPol to file this Motion.

## II. ARGUMENT

Schlumberger should not be allowed to lay behind the log on the meaning of "liquid phase"—a key limitation of the asserted claims—then proffer a new definition for "phase" for the very first time in its technology tutorial on the same day that EnerPol submitted its opening claim construction brief. Not only had Schlumberger wholly failed to seek construction of "phase," but it expressly refused EnerPol's proposal to give a discrete definition to the claim term "liquid phase." Schlumberger's attempt to add a definition for "phase" at this late stage— after EnerPol has already submitted its opening claim construction brief—violates P.R. 4-1, 4-2, and 4-3 and substantially and irreparably prejudices EnerPol.

### A. Schlumberger's Untimely Claim Construction of a Term it Did Not Propose for Construction and Refused to Construe Violates the Local Patent Rules

"The Local Patent Rules exist to further the goal of full, timely discovery and provide all parties with adequate notice and information with which to litigate their cases, not to create supposed loopholes through which parties may practice litigation by ambush." *Comput. Acceleration Corp. v. Microsoft Corp.*, 503 F. Supp. 2d 819, 822 (E.D. Tex. 2007) (Clark, J.); *c.f. Forgent Networks, Inc. v. Echostar Techs. Corp.*, No. 6:06-CV-208 LED, 2006 WL 3541313, at *2 (E.D. Tex. Nov. 2, 2006) (Davis, J.) ("The purpose of [P.R. 4-1 and 4-2] is to allow parties to closely examine the case, confer, and try to pare down the claim construction issues as best they can before the *Markman* hearing."). Indeed, without the "comprehensive set of rules which

4

require the identification of any claim terms needing construction early in the litigation . . . parties could constantly change their positions, making resolution difficult." *MediaTek Inc. v. Freescale Semiconductor, Inc.*, No. 11-cv-5341 YGR, 2014 WL 971765, at *4 (N.D. Cal. March 5, 2014).[3]

Here, Schlumberger's failure to propose and seek a construction of the term "phase" left EnerPol with no practical notice of Schlumberger's position, in direct contravention of the Local Patent Rules. Schlumberger has no excuse for this failure. Schlumberger was keenly aware of how EnerPol proposed to construe "phase," as EnerPol properly submitted the term "liquid phase" for construction and provided a preliminary construction giving meaning to the word "phase." Ex. 3 at Attachment A. At that time, Schlumberger refused to propose a construction for "liquid phase," arguing that the four-word term "polymer-continuous liquid phase" constitutes a single, indivisible limitation. Now Schlumberger apparently agrees that the individual words of the four-term claim limitation require construction, as it advances a new, restrictive definition for the word "phase." Because the asserted claims only use the word "phase" in the context of "liquid phase," Schlumberger's new definition operates to restrict the meaning of "liquid phase."

Perhaps if Schlumberger had abided by the Patent Rules and timely provided a construction for "liquid phase," this dispute could have been avoided. Instead, Schlumberger chose to resist providing any construction for EnerPol's proposed term "liquid phase" during the P.R. 4-2 and 4-3 process, and then last week decided to spring a new definition for the term on

---

[3] The Local Patent Rules of the Eastern District of Texas were modeled after those of the Northern District of California; thus, decisions from the Northern District of California regarding these rules are considered persuasive. *See Comput. Acceleration*, 503 F. Supp. 2d at 821; *Iovate Health Scis. Inc. v. Bio-Engineered Supplements & Nutrition, Inc.*, No. 9:07-cv-46, 2008 WL 11344730, at *2 n.2 (E.D. Tex. June 9, 2008).

EnerPol, on the very day EnerPol filed its opening brief. Schlumberger's actions amount to an impermissible end-run around the Patent Rules that should not be allowed. *See Lodsys, LLC v. Brother Int'l Corp.*, No. 2:11-cv-00090-JRG, 2013 WL 2949959, at \*19-20 (E.D. Tex. June 14, 2013) (Gilstrap, J.) (holding plaintiff's constructions waived where it proposed them for the first time in its P.R. 4-5(d) disclosure after briefing was complete, stating that to hold otherwise would "upset[] the fundamental purpose sought by the Local Patent Rules of expediting and ordering the necessary stages of claim construction"); *Galderma Labs., L.P. v. Actavis Mid-Atl., L.L.C.*, No. 4:06-CV-471-Y, 2008 WL 3930027, at \*13 n.1 (N.D. Tex. Aug. 27, 2008) (Means, J.) (sustaining plaintiff's objection to defendant's new claim constructions and its seeking to have an additional term construed after the parties had filed their Joint Claim Construction Statement).

When EnerPol brought this issue to Schlumberger's attention, not only did Schlumberger refuse to respond to EnerPol's concerns and requests, but it attempted to turn the entire claim construction process on its head. Disregarding the Patent Rules' months-long claim construction process, Schlumberger challenged EnerPol to "agree or disagree" with its new definition within a matter of days. That is not how claim construction works. Schlumberger has known EnerPol's position on "liquid phase" since November 8, 2017 when EnerPol timely submitted its P.R. 4-2 disclosures, as Schlumberger should have. Ex. 3 at Attachment A. Schlumberger has thus had over two months to fashion its claim construction arguments in light of EnerPol's position, but EnerPol has had zero days to fashion its construction in light of Schlumberger's untimely unveiling of its position. This is precisely the type of gamesmanship that the Local Patent Rules seek to prevent. *See MediaTek*, No. 11-cv-5341 YGR, 2014 WL 971765, at \*3 ("[P]atent local rules were meant to prevent a 'shifting sands' approach to claim construction and

disclosures." (quoting *Integrated Circuit Sys., Inc. v. Realtek Semiconductor Co., Ltd.*, 308 F.Supp.2d 1106, 1107 (N.D. Cal. 2004))).

To the extent Schlumberger says it cited extrinsic definitions for "phase" to support its construction for the term "continuous liquid phase . . . comprising the carrier fluid dispersed in the degradable polymer," and argues that EnerPol could have somehow gleaned this surprise new construction from those materials, that argument is incompatible with this Court's rules and practice. The purpose of the Patent Rules is to provide notice to the other party of the arguments it plans to make with respect to claim terms in dispute, not to allow a party to hide its position in external references and spring it on the other side after they have filed their claim construction brief. Here, although it was Schlumberger's responsibility to do so, Schlumberger never gave EnerPol notice that it was going to seek a construction of the claim term "phase." EnerPol should not be required to sift through Schlumberger's extrinsic evidence disclosures to discern a claim construction position that Schlumberger never appropriately set forth.

### B. The Prejudice to EnerPol is Severe and Can Only be Remedied by Exclusion of Schlumberger's New Claim Construction Position

The impropriety of Schlumberger's actions are further underscored by the undue and irreparable prejudice to EnerPol. EnerPol has already relied upon Schlumberger's proposed constructions positions, analyzed them and how they relate to the case, made important strategic decisions on how to proceed, incorporated those into it briefing and tutorial, and filed on January 10th its opening claim construction brief. This prejudice cannot be undone. Indeed, the prejudice to EnerPol is particularly severe here because the term "liquid phase"—and by extension "phase"—are central to EnerPol's case. EnerPol identified "liquid phase" as one of the core disputes between the parties and spent nearly eight pages of its opening brief supporting its construction of the term based largely on its understanding of Schlumberger's position as

7

declared in its Patent Rule disclosures. *See* Dkt. 82 (EnerPol's Opening Claim Construction Brief) at 8, 18–25. Similarly, Schlumberger relied heavily on its interpretation of "phase" as used in the claim term "liquid phase" in its technology tutorial, highlighting these terms in claims 1 and 24 of the patent, and describing embodiments of the "polymer-continuous liquid phase" in which the "phase" is comprised of just one component. Schlumberger's Technology Tutorial at 6:45–9:00, *EnerPol, LLC v. Sclumberger Tech. Corp.*, No. 2:17-cv-394-JRG (E.D. Tex. Jan. 10, 2018) (noticed at Dkt. 80). And Schlumberger's response to EnerPol's objection to its tutorial further illustrates that it understands "phase" as used in the claim term "liquid phase" to be a key issue in the case. If Schlumberger intended to use its new definition of "phase" as only background information, it would have said so. Instead, Schlumberger doubled-down on its position and tried to force EnerPol to agree or disagree with its definition in a matter of days.

As is clear from its opening brief, EnerPol had zero practical notice of any intent by Schlumberger to propose a meaning for the term "phase," much less the precise definition it came forth with in its technology tutorial. *See* Dkt. 82 at 20, 25 (noting EnerPol is unaware of what meaning, if any, Schlumberger would assign the word "phase"). Had EnerPol been aware of Schlumberger's position, EnerPol would have had a different calculus to consider in its analysis and strategy. It would have gathered intrinsic and extrinsic support in the months leading up to its brief submission to refute Schlumberger's definition, and it may have taken a different approach to its argument on the "liquid phase" term. Now, EnerPol's opening brief is already before the Court. And its reply brief is due in two weeks. At this late stage, the only way to avoid substantial prejudice to EnerPol is to enforce the Patent Rules, hold Schlumberger to its representations throughout the P.R. 4-1 to 4-3 process, and not allow it to circumvent that process with an out-of-time belated claim construction proposal. EnerPol thus respectfully

requests the Court strike Schlumberger's technology tutorial, order Schlumberger to refile the same tutorial without its new definition of "phase," and prohibit Schlumberger from further violating the Local Patent Rules by precluding it from discussing or relying on any such definition of "phase" in its responsive claim construction brief.

## III. CONCLUSION

For the reasons above, EnerPol respectfully requests that the Court strike the untimely definition of "phase" from Schlumberger's technology tutorial and preclude Schlumberger from relying on any definition of "phase" in its responsive claim construction brief.

Dated: January 16, 2018

Respectfully submitted,

**FISH & RICHARDSON P.C.**

By: */s/ Ruffin Cordell*
Ruffin Cordell
Texas State Bar No. 04820550
cordell@fr.com
901 15th St NW, Suite 700
Washington, DC 20005
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

Leonard Davis
Texas State Bar No. 05521600
ldavis@fr.com
Jane Du
Texas State Bar No. 24076355
du@fr.com
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, TX 75201
Telephone: (214) 747-5070
Facsimile: (214) 747-2091

Mathias Samuel
samuel@fr.com
Michael E. Florey
florey@fr.com

Robert P. Courtney
courtney@fr.com
Conrad A. Gosen
gosen@fr.com
**FISH & RICHARDSON P.C.**
60 South Sixth Street, Suite 3200
Minneapolis, MN 55402
Telephone: (612) 335-5070
Facsimile: (612) 288-9696

Nitika Gupta Fiorella
fiorella@fr.com
**FISH & RICHARDSON P.C.**
222 Delaware Avenue
17th Floor
Wilmington, DE 19801
Telephone:  (302) 652-5070
Facsimile:  (302) 652-0607

William E. Davis, III
Texas State Bar No. 24047416
bdavis@bdavisfirm.com
**THE DAVIS FIRM, PC**
213 N. Fredonia Street, Suite 230
Longview, Texas 75601
Telephone:  (903) 230-9090
Facsimile:  (903) 230-9661

**ATTORNEYS FOR PLAINTIFF
ENERPOL, LLC**

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Federal Rule of Civil Procedure 5(d) and Local Rule CV-5(d) and (e), any counsel of record not deemed to have consented to electronic service are being served with a true and correct copy of the foregoing by email this 16th day of January, 2018.

                                                */s/ Ruffin Cordell*
                                                Ruffin Cordell

**CERTIFICATE OF CONFERENCE**

The undersigned certifies that on Tuesday, January 16, 2018, Mathias Samuel, Robert Courtney, Nitika Fiorella, and William Davis, counsel for Plaintiff, and Gregory Sobolski, David Zucker, and John Ward, counsel for Defendant, conducted a conference via telephone regarding Plaintiff's Motion to Strike in accordance with Local Rule CV-7(h).  During this conference, Defendant informed Plaintiff that it would oppose the motion.  No agreement could be reached on the issue because Plaintiff believes a portion of Defendant's Technology Tutorial violates the Local Patent Rules while Defendant disagrees.  Similarly, no agreement could be reached on an expedited briefing schedule.  The discussions between the parties have conclusively ended in an impasse, leaving this an open issue for the court to resolve.

                                                */s/ Ruffin Cordell*
                                                Ruffin Cordell