# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| ENERPOL, LLC<br><br>        Plaintiff,<br><br>v.<br><br>SCHLUMBERGER TECHNOLOGY CORPORATION,<br><br>        Defendant.<br><br>SCHLUMBERGER TECHNOLOGY CORPORATION.<br><br>        Counterclaim Plaintiff,<br><br>v.<br><br>ENERPOL, LLC<br><br>        Counterclaim Defendant. | Civil Action No. 2:17-cv-394-JRG<br><br>JURY TRIAL DEMANDED |

**SCHLUMBERGER TECHNOLOGY CORPORATION'S
OPPOSITION TO ENERPOL, LLC'S EMERGENCY MOTION TO STRIKE
PORTIONS OF SCHLUMBERGER'S TECHNOLOGY TUTORIAL AND
<u>CLAIM CONSTRUCTION BRIEFING</u>**

I.  **INTRODUCTION**

EnerPol has taken an extraordinary measure in seeking an "emergency order" to preemptively strike content from a claim construction brief that Schlumberger has not yet filed. EnerPol premises its request on the assertion that Schlumberger's Technology Tutorial attempts to "advance a new claim construction proposal never before ventured in any" of its Patent Rule disclosures for the word "phase." (EnerPol Br. at 1.)[1]  That assertion is false.

Schlumberger expressly represents to the Court that, as detailed below, it in no way seeks "[a] new construction of 'phase.'" (EnerPol Br. at 3, 7.) In fact, Schlumberger does not seek to define the term "phase" on its own at all, but seeks only to define the specific claim terms identified in its P.R. 4-1 and 4-2 disclosures: "polymer-continuous liquid phase" and "continuous liquid phase . . . comprising the carrier fluid dispersed in the degradable polymer"—each of which includes the word "phase."  Schlumberger's Tutorial addresses the background understanding of one of ordinary skill in the art—as indicated by record evidence identified by Schlumberger in its P.R. 4-2 disclosure and Joint Claim Construction submission.

As Schlumberger explained to EnerPol just hours before it filed its prewritten motion, the very content EnerPol seeks to strike reflects the plain meaning of "phase" that appears in two technical dictionaries disclosed months ago to EnerPol and the Court. Schlumberger noted that substantially identical definitions appear in at least five of the technical dictionaries *EnerPol* has cited, attached to its claim construction brief, and relied on. These facts should be dispositive.

Schlumberger's Responsive Claim Construction Brief will rely on the previously identified record evidence to support its plain meaning constructions of the claim terms

---

[1] "EnerPol Br." refers to EnerPol's Emergency Motion to Strike Schlumberger's Previously Undisclosed Claim Construction Proposal from Its Technology Tutorial and Claim Construction Briefing.

identified by Schlumberger and refute EnerPol's specialized constructions that are at odds with the plain meaning. There is no basis for EnerPol's claims of "surprise" or "buried" disclosures. EnerPol's Emergency Motion should be denied.

## II.   FACTUAL BACKGROUND

The parties dispute the construction of two claim terms in the '491 patent, which each include the word "phase." The first term, "polymer-continuous liquid phase," appears in claim 1. Schlumberger believes this is a single, integrated limitation that does not require specialized construction and has a readily understood plain meaning. (Declaration of Gregory K. Sobolski ("Sobolski Decl.") Ex. 1 at 4; *id.* Ex. 2 at Ex. B, p.1.) The basic rules of grammar make this limitation readily understandable to those of ordinary skill: (1) there is a "phase," (2) the phase is a "liquid phase," *i.e.*, is in liquid form (not solid or gas), (3) the liquid phase is "continuous," or not interrupted, and (4) the continuous liquid phase includes the previously recited "polymer" as a portion of the continuous liquid. In contrast, EnerPol contends that the limitation should be broken in two; that "polymer-continuous" and "liquid phase" require separate construction.[2] (Declaration of Robert Courtney in Support of Emergency Motion ("Courtney Decl.") Ex. 3 at Attachment A.)

The second disputed limitation is "continuous liquid phase . . . comprising the carrier fluid dispersed in the degradable polymer" and appears in claim 24. As with the prior limitation, Schlumberger's position is that this is a single limitation with a plain meaning. (Sobolski Decl. Ex. 1 at 4; *id.* Ex. 2 at Ex. B, p.4.) Schlumberger identified this limitation for construction

---

[2] EnerPol does this in an effort to include solid polymers in the definition of "continuous liquid phase," which Schlumberger submits does not make sense.

simply to clarify that the polymer recited is also in liquid form (as with claim 1).[3] (*Id.*) EnerPol contends that the word "continuous" should be removed from the term "continuous liquid phase," and that "liquid phase" requires separate construction from the remainder of this term.

Schlumberger disclosed its intent to rely on the undisputed definition of "phase" (to which EnerPol now objects) as support for its proposed plain meaning of these two longer limitations. Schlumberger's P.R. 4-2 and Joint Claim Construction submissions explicitly identify the definition of "phase" that appears in two technical dictionaries – *i.e.*, what EnerPol seeks to strike. (Sobolski Decl Ex. 1 at 4; *id.* Ex. 2 at Ex. B, pp. 1, 4.) Given Schlumberger's P.R. 4-2 and 4-3 disclosures, EnerPol cannot credibly claim "surprise," much less an emergency.

Schlumberger's Tutorial states the following:

A phase refers to a portion of a physical system that has boundaries and is homogenous within those boundaries.

(Schlumberger Tutorial at 6:12; EnerPol Br. at 1.)

On November 8, 2017, in its P.R. 4-2 disclosures, Schlumberger disclosed that it would rely on the definition of "phase" from two technical dictionaries:

| "continuous liquid phase … comprising the carrier fluid dispersed in the degradable polymer" | Schlumberger contends that this term has a plain and ordinary meaning. | • A Dictionary of Chemistry, 3rd ed. (1996) – "phase"<br>• McGraw Hill Dictionary of Chemistry 2nd ed. (2003) – "phase" |
|---|---|---|

(Sobolski Decl. Ex. 1 at 4.)

The first, the Dictionary of Chemistry (1996), states:

---

[3] EnerPol does not appear to dispute that these two terms should be construed to have the same meaning. *See* EnerPol Opening Claim Construction Br., D.I. 82 ("Opening Br.") at 30. For ease of reference, in this Opposition, Schlumberger refers to both terms as "polymer-continuous liquid phase."

3

> **phase** A homogeneous part of a heterogeneous system that is separated from other parts by a distinguishable boundary. A mixture of ice and water is a two-phase system. A solution of salt in water is a single-phase system.

(Sobolski Decl. Ex. 3 at 375.)

The second, the McGraw-Hill Dictionary of Chemistry (2003), similarly states:

> **phase** [CHEM] Portion of a physical system (liquid, gas, solid) that is homogeneous throughout, has definable boundaries, and can be separated physically from other phases. { fāz }

(Sobolski Decl. Ex 4 at 284.)

But that is not at all. *EnerPol*, itself, *relies on two technical dictionaries* that provide the *exact same definition* as Schlumberger's reference—word for word. (Sobolski Decl. Ex. 5 at 1196; *id.* Ex. 6 at 1484 (showing that the second and fifth editions of the McGraw-Hill Dictionary of Scientific and Technical Terms cited by EnerPol provide the *identical* definition for "phase" disclosed in the McGraw Hill Dictionary of Chemistry cited by Schlumberger).) EnerPol also relies on *three more* technical dictionaries that provide *substantially identical* definitions of "phase." (Sobolski Decl. Ex. 7 at 1622 (Academic Press Dictionary of Science and Technology (1992)); *id.* Ex. 8 at 856 (The Chambers Dictionary of Science and Technology (1999)); *id.* Ex. 9 at 412 (ASTM Dictionary of Engineering Science and Technology).) While neither party has identified the term "phase" as requiring independent construction, the generally understood meaning of "phase" is relevant to the plain meaning of the disputed multi-word claim terms. This is evident from the numerous dictionary definitions of "phase" included in evidence cited in both parties' P.R. 4-2 and 4-3 disclosures. And, as Schlumberger will establish, all of these definitions are consistent with and support the Tutorial's disclosure of the plain meaning of "phase."

The Court should note that—because EnerPol's own extrinsic references define "phase" in the same way as Schlumberger's references—Schlumberger has asked *three times* whether EnerPol has any substantive disagreement with the content it asks the Court to strike. (Sobolski Decl. Ex. 10.) If not, then the meaning of the term "phase" would be not only indisputable, but agreed to by EnerPol. If so, that would mean there is nothing for the Court to strike. EnerPol has refused to answer or take a position on whether it agrees with the meaning set forth in the five dictionaries it cited to the Court. (Sobolski Decl. Ex. 11.)

On January 16, 2018, the parties conferred at EnerPol's request. (Sobolski Decl. Ex. 11.) Later that day, EnerPol for the first time said that it intended to file its motion on an "emergency basis." (Sobolski Decl. Ex. 12.) Schlumberger explained the above facts to EnerPol and its Texas counsel explained why there was no emergency. (Sobolski Decl. ¶¶ 5-7.) Schlumberger confirmed its intent to adhere to its proposed constructions, and suggested EnerPol's motion would be more appropriately filed after submission of Schlumberger's brief (if at all). (*Id.*) But EnerPol demanded Schlumberger's "commitment in writing" that its claim construction brief would not make "any argument" regarding "phase" and filed its Emergency Motion. (*Id.*)

Schlumberger also told EnerPol that it was "the pot calling the kettle black" because EnerPol's own Tutorial was improper and misleading. That is because when purporting to describe the claims, EnerPol adapted a *Schlumberger* image of one of the accused products without attributing the source of the image or telling the Court it was using graphics of the accused products in a tutorial. (*See infra* p. 8.) Although EnerPol's reference to accused products in a technology tutorial should have been struck (or at least given accurate attribution), Schlumberger preferred to bring this point to the Court's attention at the *Markman* hearing rather than to engage in motions practice.

III.     **ARGUMENT**

    A.     **Schlumberger's Tutorial Reflects Evidence It Disclosed In Its PR 4-2 and PR 4-3 Joint Claim Construction Submissions**

EnerPol contends that it had "no practical notice" of, and will suffer "undue and irreparable prejudice" from, Schlumberger's reliance on the definition of "phase" included in two of EnerPol's cited dictionaries and the dictionaries cited in Schlumberger's P.R. 4-2 disclosures. (EnerPol Br. at 7.) Ignoring Schlumberger's November 8, 2017 disclosures, EnerPol represents to the Court that Schlumberger "buried" them. (Sobolski Decl. Ex. 13.) EnerPol argues the claimed prejudice will be "particularly severe" because one of the parties' "core disputes" is the meaning of "liquid phase." (EnerPol Br. at 7.) Each assertion is false.

Schlumberger's P.R. 4-2 disclosure, submitted on November 8, 2017, is unambiguous:

| "continuous liquid phase … comprising the carrier fluid dispersed in the degradable polymer" | Schlumberger contends that this term has a plain and ordinary meaning. | • A Dictionary of Chemistry, 3rd ed. (1996) – "phase"<br>• McGraw Hill Dictionary of Chemistry 2nd ed. (2003) – "phase" |
|---|---|---|

(Sobolski Decl. Ex. 1 at 4 (highlighting added).)[4] Schlumberger's Joint Claim Construction submission pursuant to P.R. 4-3 is likewise unambiguous, and added specific Bates labels:

| continuous liquid phase … comprising the carrier fluid dispersed in the degradable polymer | 24 | Plain and ordinary meaning, which for clarity, means the continuous liquid phase includes, but is not limited to, a degradable polymer that is entirely in liquid form with carrier fluid dispersed within it. | Extrinsic Evidence<br>• A Dictionary of Chemistry, 3rd ed. (1996) – "phase." See SLB00014910-12, at SLB00014912.<br>• McGraw Hill Dictionary of Chemistry 2nd ed. (2003) – "phase." See SLB00014913-15, at SLB00014915. |
|---|---|---|---|

(Sobolski Decl. Ex. 2 at 4 (highlighting added)).[5] EnerPol omitted from its description of the facts to the Court that no less than *five* of *EnerPol*'s own technical dictionaries contain identical

---

[4] EnerPol omitted this first disclosure by Schlumberger from its description of facts to the Court. (*See* EnerPol Br. at 2-4.)

[5] EnerPol failed to inform the Court of this second disclosure by Schlumberger in its Emergency Motion.

or substantially identical definitions for "phase." (*See* EnerPol Br. at 2-4; Sobolski Decl. Ex. 10.)

Given Schlumberger's disclosures, there can be no surprise. Schlumberger expressly disclosed its intent to rely on the dictionary definitions of "phase" in support of its claim construction proposals—twice. EnerPol's contention that Schlumberger is attempting an "impermissible end-run around the Patent Rules" by concealing the tutorial's definition of "phase" lacks a good faith basis.[6]

Schlumberger provided EnerPol with full and fair notice of its proposed construction of "polymer-continuous liquid phase" and its reliance on the supporting dictionary definition of "phase" in accordance with the Court's Patent Rules. EnerPol's contention that it had "no practical notice" of Schlumberger's position (EnerPol Br. at 5), is refuted by Schlumberger's Patent Rule disclosures and the five technical dictionaries that EnerPol relies on and that are attached to EnerPol's *Markman* brief.

### B. Schlumberger Seeks The Plain And Ordinary Meaning Construction It Has Disclosed

EnerPol represents to the Court that Schlumberger seeks, "for the very first time" "a new limiting construction for the claim term 'phase'" that was never disclosed. (*See, e.g.*, EnerPol Br. at 3, 7.) That is false because Schlumberger is *not* asking the Court to define "phase" as part of a claim construction order.

---

[6] The cases EnerPol cites are inapposite. In *Lodsys, LLC v. Brother Int'l Corp.*, No. 2:11-cv-00090-JRG, 2013 WL 2949959 (E.D. Tex. June 14, 2013) (Gilstrap, J.), the defendant proposed a new definition for the disputed term "product" after the conclusion of claim construction briefing and shortly before the *Markman* hearing. In *Galderma Labs., L.P. v. Actavis Mid-Atl., L.L.C.*, No. 4:06-CV-471-Y, 2008 WL 3930027 (N.D. Tex. Aug. 27, 2008) (Means, J.) the defendant changed its proposed definition for one term and sought the construction of a new term. Schlumberger neither seeks to change the definition of a disputed term nor asks the Court to construe a new term.

7

But Schlumberger should not be precluded from relying on the previously disclosed record evidence to support its proposed constructions and to refute EnerPol's litigation-inspired constructions.[7] EnerPol's *Markman* brief states that "[d]ictionaries, in particular, are often useful to assist in understanding the commonly understood meaning of words." (Opening Br. at 8 (citations omitted).) Schlumberger agrees, which is why Schlumberger cited two dictionaries in its P.R. 4-2 disclosure and Joint Claim Construction submission in support of the meaning of the commonly understood word "phase." EnerPol's position cannot be squared with record before the Court.

### C. EnerPol's Tutorial Is Improper

Schlumberger notes for the Court that EnerPol's Tutorial is misleading and improper. EnerPol purports to illustrate what the disputed "polymer-continuous liquid phase" limitation of claim 1 is and looks like. (EnerPol Tutorial at 11:39; slide 24.) EnerPol omitted from its disclosure to the Court that it misleadingly adapted an image of a Schlumberger accused product—without attribution—to do so:



---

[7] These technical dictionaries confirm that background understanding of one of ordinary skill – *i.e.*, that a "phase" refers to a portion of a system that is homogenous within its boundaries. Schlumberger will explain why EnerPol's proposed constructions are inconsistent with this plain meaning and why the '491 patent does not come within a country mile of the legal standard of "lexicography" that would be required to specially define claim terms.

8

Reliance on an accused product in the context of claim construction is improper. (*See* Sobolski Decl. at ¶ 9; *id.* Ex. 10; *SRI Int'l v. Matsushita Electric Corp. of America*, 775 F.2d 1107, 1118 (Fed. Cir. 1985) ("A claim is construed in the light of the claim language, the other claims, the prior art, the prosecution history, and the specification, not in light of the accused device.").) When asked, EnerPol refused to admit—but failed to deny—that its tutorial relied on a Schlumberger image.

EnerPol instead contends that the accused products may serve as "context" for claim construction. But EnerPol disserved the Court by providing no "context" at all—it never told the Court that its depiction of the disputed claim limitation relates to a Schlumberger image—*and not any figure in the '491 patent*. Schlumberger asked EnerPol to voluntarily amend its tutorial to properly attribute the image. (Sobolski Decl. ¶ 9; *id.* Ex. 10.) EnerPol declined. (Sobolski Decl. Ex. 13.) EnerPol's use of accused product illustrations—without providing the Court the courtesy of that citation—invites the Court to commit legal error without the Court's knowledge. (*See* Local Rule AT-3(B).)

## IV. CONCLUSION

Schlumberger respectfully requests that the Court deny EnerPol's Emergency Motion, and grant any other relief the Court deems just and proper.

Dated: January 19, 2018

By: /s/ *T. John Ward*
T. John Ward
Texas State Bar No. 20848000
E-mail: tjw@wsfirm.com
Claire Abernathy Henry
Texas State Bar No. 24053063
E-mail: claire@wsfirm.com

WARD, SMITH & HILL, PLLC

9

        P.O. Box 1231
Longview, Texas 75606-1231
(903) 757-6400 (telephone)
(903) 757-2323 (facsimile)

Maximilian A. Grant (lead attorney)
DC Bar No. 481610
E-mail: max.grant@lw.com
David. A Zucker
DC Bar No. 1034073
E-mail: david.zucker@lw.com
LATHAM &WATKINS LLP
555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004
(202) 637-2200 (telephone)

Gregory K. Sobolski
CA Bar No. 267428 (*pro hac vice*)
E-mail: greg.sobolski@lw.com
LATHAM &WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, California 94111
(415) 395-8035 (telephone)

Herman H. Yue
TX Bar No. 24099071 (*pro hac vice*)
E-mail: herman.yue@lw.com
LATHAM &WATKINS LLP
811 Main St. Suite 3700
Houston, TX 77002
(713) 546-7443 (telephone)

**ATTORNEYS FOR SCHLUMBERGER TECHNOLOGY CORPORATION**

## CERTIFICATE OF SERVICE

The undersigned certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via email on January 19, 2018.

*/s/T. John Ward*
T. John Ward