# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| ENERPOL, LLC<br><br>       Plaintiff,<br><br>v.<br><br>SCHLUMBERGER TECHNOLOGY CORPORATION,<br><br>       Defendant.<br><br>SCHLUMBERGER TECHNOLOGY CORPORATION.<br><br>       Counterclaim Plaintiff,<br><br>v.<br><br>ENERPOL, LLC<br><br>       Counterclaim Defendant. | Civil Action No.  2:17-cv-394-JRG<br><br>JURY TRIAL DEMANDED |

## SCHLUMBERGER TECHNOLOGY CORPORATION'S RESPONSE TO ENERPOL, LLC'S NOTICE OF LAW

     Schlumberger Technology Corporation ("Schlumberger") respectfully responds to EnerPol, LLC's Notice purporting to provide "appellate authority confirming district courts' discretion to find waiver against claim construction positions not timely advanced."  (D.I. 95-1.) EnerPol's authority confirms that Schlumberger has not "waived" any claim construction arguments and confirms the Court's suspicion that no such Federal Circuit authority exists.[1]

---

[1] Consistent with the Court's directive, Schlumberger's lead Texas counsel conducted the meet and confer prior to EnerPol's submission of its Emergency Motion, and Schlumberger documented that in its Response. (*See* D.I. 91-1, ¶¶ 4-8.)

In *Wi-Lan USA, Inc. v. Apple, Inc.*, after issuance of the *Markman* order and entry of summary judgment of non-infringement, the patentee sought a new construction that contradicted its original proposal. 830 F.3d 1374, 1384 (Fed. Cir. 2016). Still the district court found no waiver and the Federal Circuit affirmed. *Id.* at 1385. By contrast, Schlumberger seeks the same construction it proposed in its P.R. 4-2 and 4-3 submissions, relying in part on technical dictionaries that it timely disclosed.

In *Akamai Technologies, Inc. v. Limelight Networks, Inc.*, the accused infringer stipulated to a construction, and subsequently requested a narrower jury instruction. 805 F.3d 1368, 1376 (Fed. Cir. 2015). The Federal Circuit affirmed the district court's finding that the stipulation was binding. *Id.* The Federal Circuit expressly distinguished the facts before it from *O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, 521 F.3d 1351, 1361 (Fed. Cir. 2008), in which the district court was "clearly aware of the parties' disagreement about the claim term." *Id. Akamai* confirms the Court's concern at the January 26, 2018 Hearing, that EnerPol's Emergency Motion confirms there is a dispute between the parties that must be resolved.

Dated: January 29, 2018

By: /s/ *Claire A. Henry*
T. John Ward
Texas State Bar No. 20848000
E-mail: tjw@wsfirm.com
Claire Abernathy Henry
Texas State Bar No. 24053063
E-mail: claire@wsfirm.com

WARD, SMITH & HILL, PLLC
P.O. Box 1231
Longview, Texas 75606-1231
(903) 757-6400 (telephone)
(903) 757-2323 (facsimile)

Maximilian A. Grant (lead attorney)
DC Bar No. 481610
E-mail: max.grant@lw.com
David. A Zucker
DC Bar No. 1034073

E-mail: david.zucker@lw.com
LATHAM &WATKINS LLP
555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004
(202) 637-2200 (telephone)

Gregory K. Sobolski
CA Bar No. 267428 (*pro hac vice*)
E-mail: greg.sobolski@lw.com
LATHAM &WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, California 94111
(415) 395-8035 (telephone)

Herman H. Yue
TX Bar No. 24099071 (*pro hac vice*)
E-mail: herman.yue@lw.com
LATHAM &WATKINS LLP
811 Main St. Suite 3700
Houston, TX 77002
(713) 546-7443 (telephone)

**ATTORNEYS FOR SCHLUMBERGER TECHNOLOGY CORPORATION**

**CERTIFICATE OF SERVICE**

The undersigned certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via CM/ECF on January 29, 2018.

/s/ *Claire A. Henry*
Claire A. Henry