**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| ENERPOL, LLC, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | |
| SCHLUMBERGER TECHNOLOGY CORPORATION, | § § § § § | |
| Defendant. | § § | |
| | § | Civil Action No. 2:17-cv-394-JRG |
| SCHLUMBERGER TECHNOLOGY CORPORATION, | § § § § | JURY TRIAL DEMANDED |
| Counterclaim Plaintiff, | § § | |
| v. | § § § | |
| ENERPOL, LLC, | § § | |
| Counterclaim Defendant. | § § § | |

**SCHLUMBERGER TECHNOLOGY CORPORATION'S OPPOSITION TO
ENERPOL, LLC'S MOTION FOR ENTRY OF FINAL JUDGMENT
AND DISMISSAL OF COUNTERCLAIMS**

## I.    INTRODUCTION

The parties agree that EnerPol cannot prove infringement under the Court's Claim Construction Order (D.I. 111).  The parties disagree about the correct form of a stipulated judgment of non-infringement.  EnerPol contends that the stipulation need not precisely identify all of the claim construction issues that are dispositive, and that identifying only one basis – based on part of a claim construction – for non-infringement is sufficient.  EnerPol also contends that it is permitted to appeal portions of the Court's Claim Construction Order now, and portions of the Order later in a potential subsequent appeal (after a first appeal and potential remand).  EnerPol is wrong on both counts.  Controlling Federal Circuit precedent requires that the stipulation identify the precise construction issues that are dispositive.  *See Jang v. Boston Scientific Corp.*, 532 F.3d 1330, 1336 (Fed. Cir. 2008).  And judicial economy requires that – to the extent EnerPol chooses to appeal some or all aspects of the Court's Order – it should do so now and should not be permitted to preserve some portions of the Court's Order for a potential second appeal.  EnerPol's approach is contrary to *Jang*, and offends any notion of judicial economy.

Schlumberger respectfully submits that the Court should reject EnerPol's proposed stipulation and enter Schlumberger's proposed stipulation.

## II.    FACTUAL BACKGROUND

During mediation on March 22, 2018, EnerPol conceded that it cannot prove infringement based on the Court's March 15, 2018 Claim Construction Order.  Following mediation, the parties participated in four separate meet and confers and exchanged six draft stipulations.  Schlumberger's Texas counsel (along with its national counsel) conducted all aspects of the meet and confer process, including the exchange of drafts.

Schlumberger's proposed stipulation (attached as Exhibit A) expressly states that: (1) EnerPol cannot show the Accused Services satisfy either of the two hotly-disputed requirements of the construed "[polymer-]continuous liquid phase" term (the "50% by volume" requirement and the "liquid state" requirement, which the Court's Order addresses in two separate subsections); and (2) the other construed terms ("solid form," "selected," and "low-viscosity") are not the basis for the stipulation of infringement and thus cannot be appealed.  In contrast, EnerPol wants to be able to appeal each of those individual construed requirements and terms – but without first stipulating that <u>each</u> leads to non-infringement.  (*See* Stipulation of Inability to Prove Infringement, D.I. 115-1, at 2.)

## III.    ARGUMENT

EnerPol's proposed stipulation invites legal error because it is contrary to controlling Federal Circuit precedent.  In *Jang v. Boston Scientific Corporation*, the district court construed eight patent claim terms, including one term that it construed as having two separate requirements.  532 F.3d at 1332.  The parties then stipulated to non-infringement but did not clarify which of the disputed claim construction rulings led to the stipulation of non-infringement.  *Id.*

On appeal, the Federal Circuit "c[ould] not determine with certainty which of the claim construction disputes actually has an effect on the infringement issue" and "nothing in the stipulated judgment provide[d] any context with respect to how the disputed claim construction rulings relate to the accused product."  *Id.* at 1338.  As a result, the Federal Circuit remanded for "clarification of the stipulated judgment" to avoid "rendering an advisory opinion as to claim construction issues that do not actually affect the infringement controversy between the parties."  *Id.* at 1336.

Despite *Jang*, EnerPol contends that it may appeal claim construction disputes without first stipulating that those disputes lead to non-infringement.  EnerPol admits that it cannot prove infringement under one portion of the Court's construction – *i.e.*, that a "polymer-continuous liquid phase" or "continuous liquid phase" require polymer "*that is greater than fifty percent (50%) by volume of the fluid that does the fracturing in the formation.*"  (Stipulation of Inability to Prove Infringement, D.I. 115-1, at 4.)  But EnerPol declines to take a position on whether it can prove the other portion of the Court's construction – *i.e.*, "*polymer in a liquid state.*"  (*Id.*)  Schlumberger has asked EnerPol to *either* (i) agree that the other portion of the construction provides a basis for a stipulation of non-infringement *or* (ii) agree that the other portion of the construction is correct and not subject to appeal.  EnerPol declines to do so.

The vagueness in EnerPol's proposed stipulation is designed to reserve for EnerPol the option to seek an *advisory opinion* from the Federal Circuit on construction issues that are not the basis for EnerPol's proposed stipulation of non-infringement.  That is legal error.  EnerPol's proposed stipulation may require a remand for clarification, as in *Jang*, unnecessarily wasting judicial and party resources.  Under *Jang*, EnerPol should stipulate to non-infringement on a given claim construction issue now, or it should not be able to appeal the particular dispute to the Federal Circuit.  Schlumberger's stipulation provides the clarity necessary to avoid a remand; it should be adopted for that reason.

The purpose of entering into a stipulation of non-infringement is to avoid burdening the Court with, and imposing unnecessary cost and expense on the parties of, briefing and deciding a motion for summary judgment.  However, because the stipulation entered by the parties will become the only factual record that provides the basis for the Federal Circuit to review the Court's judgment, the stipulation must be accurate and comply with the Federal Circuit's

controlling precedent.  If the stipulation lacks an adequate factual record for the Federal Circuit on appeal, then any efficiency is lost, and the stipulation may no longer present a preferable option over summary judgment.

Absent a stipulation, EnerPol has two options.  EnerPol must either (1) dismiss its claims (which precludes any claim construction appeal), or (2) identify which limitations it considers case-dispositive and any factual basis for proceeding on the other limitations, so that Schlumberger can decide whether to move for summary judgment, separately, on each of the issues stemming from the Claim Construction Order.  That will fairly disclose EnerPol's legal position on the Court's Claim Construction Order and its factual support (if any).  By contrast, Schlumberger's proposed stipulation would resolve that question *today* by confirming that EnerPol cannot prove infringement under the 50% by volume requirement (which EnerPol has admitted) or the "polymer in a liquid state" requirement, and clarifies that the Court's other constructions are *not* appealable.

As part of the meet and confer process, EnerPol identified a single non-precedential decision, *WundaFormer, LLC v. Flex Studios, Inc.,* to support its position that it may appeal the remaining three terms ("selected," "low-viscosity," and "solid form") even if they do not form the basis of the stipulated judgment.  680 F. App'x. 925 (Fed. Cir. 2017).  That decision does not support EnerPol's position.  In *WundaFormer*, the parties briefed a second term which was not the explicit basis of the judgment only because the appellant conceded, in briefing, that the district court's construction was "prejudicial, [and] could significantly impact the value" of the patent at issue.  *WundaFormer, LLC's Opening* Brief, 2016 WL 1175487, at \*47.  EnerPol has made no such concessions.  And, in *WundaForme*r, where the district court construed the stipulated term "stowed" to require two limitations, the Federal Circuit did not analyze or

comment on "limitation (ii), [which] is not in dispute."  680 F. App'x. at 929.  *WundaFormer* is foursquare with Schlumberger's proposal, consistent with *Jang,* and directly contrary to EnerPol's legally erroneous proposed stipulation.

EnerPol has expressly refused to take a position on whether such terms could be appealed separately following a remand, if not appealed now.  As part of the meet and confer process, Enerpol declined to take a position on whether it contends that it can appeal the "50% by volume" aspect of the Court's constructions of "[polymer]-continuous liquid phase" while preserving the right to appeal in a future and separate appeal the Court's Order on any of the following:

(1) the "polymer in a liquid state" aspect of the Court's constructions of "[polymer]-continuous liquid phase," or

(2) the construction of the term "solid form," or

(3) the construction of the term "selected," or

(4) the construction of the term "low-viscosity."

Enerpol should state its position on the record, so that the Federal Circuit has that record available.

The equities of the case support that EnerPol not be permitted to appeal portions of the Claim Construction Order now and preserve the right to appeal portions of the Order later.  *See Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 857 F.3d 1347, 1350-51 (Fed. Cir. 2017) (noting "important purposes" of "avoiding piecemeal appeals and promoting efficient judicial administration").  The parties have had extensive claim construction proceedings that have included "emergency" motion practice.  The time to appeal dispositive aspects of the Court's Claim Construction Order is now.  And the procedurally proper way to appeal dispositive aspects

of the Court's Claim Construction Order is with a stipulation that states, with precision, which aspects of the Court's constructions constitute a basis for the final judgment of non-infringement, and which do not.  *Jang*, 532 F.3d at 1336.

## IV.     CONCLUSION

WHEREFORE Schlumberger respectfully requests that its proposed stipulation be adopted and the Court enter final judgment of non-infringement.  Alternatively, the Court should order EnerPol to identify which limitations it considers case-dispositive and any factual basis for proceeding on the other limitations, so that the Court and Schlumberger can fairly evaluate whether a motion for summary judgment is a preferable option to a stipulated judgment.

Dated: April 10, 2018                                     Respectfully submitted,

*/s/Maximilian A. Grant w/permission by Claire A. Henry*

T. John Ward
TX Bar No. 20848000
E-mail: tjw@wsfirm.com
Claire Abernathy Henry
TX Bar No. 24053063
E-mail: claire@wsfirm.com
WARD, SMITH & HILL, PLLC
P.O. Box 1231
Longview, Texas 75606-1231
(903) 757-6400 (telephone)
(903) 757-2323 (facsimile)

Maximilian A. Grant (lead attorney)
DC Bar No. 481610
E-mail: max.grant@lw.com
David A. Zucker
DC Bar No. 1034073
E-mail: david.zucker@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004
(202) 637-2200 (telephone)
(202) 637-2201 (facsimile)

Gregory K. Sobolski
CA Bar No. 267428 (*pro hac vice*)
E-mail: greg.sobolski@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, California 94111
(415) 395-8035 (telephone)


**ATTORNEYS FOR
SCHLUMBERGER TECHNOLOGY CORP.**


<u>**CERTIFICATE OF SERVICE**</u>

The undersigned certifies that the foregoing document is being filed electronically in compliance with Local Rule CV-5(a). As such, this document is being served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Federal Rule of Civil Procedure 5(d) and Local Rule CV-5(d) and (e), any counsel of record not deemed to have consented to electronic service are being served with a true and correct copy of the foregoing by email on this 10th day of April, 2018.

*/s/ Claire A. Henry*