**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| ENERPOL, LLC | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 2:17-cv-394-JRG |
| | § | |
| SCHLUMBERGER TECHNOLOGY | § | **JURY TRIAL DEMANDED** |
| CORPORATION, | § | |
| | § | |
| Defendant. | § | |
| | § | |

### FINAL JUDGMENT

Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure and EnerPol's Motion for Entry of Final Judgment and Dismissal of Counterclaims (Dkt. No. 115), the Court hereby **HOLDS**, **ORDERS,** and **ENTERS JUDGMENT** as follows:

1. This is a patent infringement action brought by EnerPol, LLC ("EnerPol") against Schlumberger Technology Corporation ("Schlumberger") for infringement of certain claims of U.S. Patent No. 6,949,491 (the "'491 patent").

2. EnerPol has alleged that Schlumberger's BroadBand Sequence, OpenPath Sequence, StimMORE, HiWAY, and FiberFRAC services (the "Accused Services") infringe claims 1-17, 19, and 21-25 of the '491 patent. Of these asserted claims, claims 1 and 24 are independent. The remaining asserted claims depend from claim 1 or claim 24.

3. In response to EnerPol's Complaint, Schlumberger asserted affirmative defenses of invalidity and unenforceability of the '491 patent, and counterclaimed for infringement of United States Patent Nos. 7,565,929; 8,183,179; and 8,220,543.

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 1338.

5. On March 15, 2018, the Court issued its Memorandum Opinion and Order

construing certain terms of the '491 patent. (Dkt. No. 111.) That Order construed the term "polymer-continuous liquid phase" in independent claim 1 to mean "polymer in a liquid state that is greater than fifty percent (50%) by volume of the fluid that does the fracturing in the formation." (*Id.* at 11.) That Order further construed the phrase "continuous liquid phase" in independent claim 24 to have the same meaning. (*Id.* at 23.)

6.      Pursuant to a Stipulation of Inability to Prove Infringement (Dkt. No. 115-1) filed by EnerPol, it is stipulated by Plaintiff that under the Court's construction of "polymer-continuous liquid phase," EnerPol cannot prevail on the issue of infringement of claim 1 of the '491 patent or its dependent claims as to Schlumberger's Accused Services. EnerPol's Infringement Contentions identify the displacing of degradable thermoplastic polymer, such as polylactide resin (also called polylactic acid or PLA), as meeting the step of displacing a "polymer-continuous liquid phase" from the wellbore into the formation at a pressure greater than the fracturing pressure of the formation. This displacing does not involve displacing polymer in a liquid state that is greater than fifty percent (50%) by volume of the fluid that does the fracturing in the formation. Therefore, under the Court's Claim Construction Order, EnerPol cannot meet the "polymer-continuous liquid phase" limitation of claim 1 or its dependent claims.

7.      EnerPol also stipulates that under the Court's construction of "continuous liquid phase," EnerPol cannot prevail on the issue of infringement of claim 24 of the '491 patent or its dependent claims as to Schlumberger's Accused Services. EnerPol's Infringement Contentions identify the injection of degradable thermoplastic polymer, such as polylactide resin (also called polylactic acid or PLA), in the Accused Services as meeting the step of "inject[ing] the continuous liquid phase into the formation." This injection does not involve injection of polymer in a liquid state that is greater than fifty percent (50%) by volume of the fluid that does the fracturing in the formation. Therefore, under the Court's Claim Construction Order, EnerPol cannot meet the "continuous

liquid phase" limitation of claim 24 or its dependent claims.

8. During the mediation on March 22, 2018, EnerPol and Schlumberger entered into a Memorandum of Agreement ("MOA") as follows:

> EnerPol, LLC ("EnerPol") and Schlumberger Technology Corporation ("Schlumberger") (collectively, "the Parties") agree that they will enter and file a stipulation of noninfringement based on the Court's claim construction order (ECF No. 111) not later than Thursday, March 29, 2018, with each side bearing its own costs. The parties further agree that, as part of the Stipulation of Noninfringement, Schlumberger will dismiss its counterclaims without prejudice.

On the same date, EnerPol and Schlumberger also agreed to a halt to all discovery activities. The parties twice agreed to extend the deadline for compliance with the Memorandum to April 5, 2018.

9. Notwithstanding the MOA reached during mediation, the parties did not reach complete agreement on a stipulation of noninfringement and EnerPol filed its Motion for Entry of Final Judgment and Dismissal of Counterclaims (Dkt. No. 115) which is currently before the Court.

10. Based on EnerPol's Stipulation of Inability to Prove Infringement and the MOA between the parties, Schlumberger's unadjudicated affirmative defenses and counterclaims should be dismissed without prejudice. This dismissal is made without prejudice to facilitate and recognize Schlumberger's right to reassert the foregoing affirmative defenses and counterclaims should any of EnerPol's infringement claims regarding the '491 patent be revived for any reason (including, but not limited to, modification of the Court's claim constructions on appeal).

11. For the reasons entered herewith, there is no just reason to delay entry of final judgment on those claims and permit immediate appeal.

12. This Final Judgment is entered without prejudice to any rights the parties have post-judgment and/or the parties' right to appeal any other aspect of the Court's rulings preceding this Final Judgment.

Accordingly, it is **ORDERED** and the Court hereby enters **JUDGMENT** as follows:

1. EnerPol does not infringe any of the asserted claims of the '491 Patent, and as such, EnerPol shall take nothing from Schlumberger as regards such asserted claims.

2. Schlumberger's counterclaims are **DISMISSED WITHOUT PREJUDICE**, for the reasons recited above.

3. This Judgment is **FINAL** and **APPEALABLE** under Rule 54(b) of the Federal Rules of Civil Procedure.

4. Each party shall bear their own fees and costs, including attorneys' fees.

5. The Clerk is directed to keep the above-captioned case open.

6. The Court's previous stay of this case is continued until the deadline for filing an appeal has expired (where no appeal is perfected) or the Federal Circuit's mandate on any perfected appeal is entered, or until subsequent order by this Court.

**So ORDERED and SIGNED this 4th day of October, 2018.**


_____
RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE